UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY H. CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-345 |
| ) | (Phillips) |
| KNOX COUNTY BOARD OF EDUCATION ) | |
| and ROY E. MULLINS, *Superintendent* ) | |
| *for Knox County Schools*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the court are plaintiff's Motion for Continuance [Doc. 25] and Motion to Consolidate [Doc. 26]. Plaintiff has filed the same motions in *Carroll v. Knox County Board of Education*, Case No. 3:08-cv-73 [Docs. 9, 10 (respectively)]. In her motion to continue, plaintiff moves the court to continue the current trial date of April 20, 2009, and indicates that defendants do not oppose the motion. With regard to the motion to consolidate, plaintiff moves to consolidate this case with *Carroll v. Knox County Board of Education*, Case No. 3:08-cv-73. The latter motion is not by agreement; the deadline for timely response, however, has passed, with no such response by defendants.

With regard to consolidation, Rule 42 of the Federal Rules of Civil Procedure provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R Civ. P. 42(a). "Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court ...." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases should be consolidated

-1-

if the risks of prejudice and confusion are outweighed by other factors[,] including the risk of inconsistent adjudications of common factual and legal issues, the burden on parties [and] witnesses[,] and available judicial resources." *Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (per curiam) (quotation removed); *accord, e.g.*, *Cantrell*, 999 F.2d at 1011.

The court finds that consolidation of these cases is appropriate. The cases stem from the same nucleus of facts. Moreover, as both are to be tried without a jury, the risk of prejudice or confusion to a jury is nonexistent, and indeed twice trying the cases before the undersigned would only waste judicial resources.

Accordingly, in light of the similarities in the cases and the judicial economy that consolidation would promote, plaintiff's Motion to Consolidate [Doc. 26] is **GRANTED**. Case numbers 3:07-cv-345 and 3:08-cv-73, are hereby **CONSOLIDATED**, with case number 3:07-cv-345 designated as the lead case. The Clerk is **DIRECTED** to administer these cases as consolidated for all future proceedings. All filings are to be made in the lead case, 3:07-cv-345.

Furthermore, the court finds the motion to continue to be well-taken, and the motion [Doc. 25] is accordingly **GRANTED**. The trial date of these consolidated actions shall be continued to **March 23, 2010**.

Finally, the corresponding motions in Case No. 3:08-cv-73 [Docs. 9, 10] are, for the foregoing reasons, **GRANTED**. A revised scheduling order will follow.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge